# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

George C. Young U.S. Courthouse
and Federal Building
Office of the Clerk
401 W. Central Boulevard, Suite 1200
Orlando, Florida 32801-0120
407/835-4200

Sheryl L. Loesch
Clerk

Laura Barsamian
Orlando Division Manager

January 9, 2008

Ms. Victoria C. Minor, Clerk
United States District Court
501 I Street, 4-200
Sacramento, CA 95814-7300

2:07cv2437 LEW KJM

RE:   MDL-1769 – In Re: Seroquel Products Liability Litigation

Dear Ms. Minor:

    Enclosed is one certified copy of an order filed by the Panel under 28 U.S.C. § 1407. Section 1407 requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." A copy of Rule 1.6, R.P.J.P.M.L., 120 F.R.D. 251, which deals specifically with the transfer of files, is enclosed for your convenience.

    Please send your original cases and a certified copy of the docket sheet to:

U.S. District Court
401 W. Central Blvd., Suite 1200
Orlando, FL 32801-0120

    Due to the large volume of cases on this Conditional Transfer Order, it would be very much appreciated if you could be sure to reference the Middle District of Florida's case number on each of your cases. If you have any questions, please contact me at 407-835-4203.

Sincerely,

Mollie A. Piercones
Deputy Clerk

Enclosures
c:   Jeffery N. Lüthi, Clerk, MDL Panel

| CASE STYLE | EDCA CASE NUMBER | MD FL CASE NUMBER |
|---|---|---|
| Hill v. AstraZeneca | 2:07-cv-2437 | 6:07-cv-2047-Orl-22DAB |

A CERTIFIED TRUE COPY

DEC 27 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 7 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION　　　　MDL No. 1769

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-47)

On July 6, 2006, the Panel transferred 87 civil actions to the United States District Court for the Middle District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 447 F.Supp.2d 1376 (J.P.M.L. 2006). Since that time, 394 additional actions have been transferred to the Middle District of Florida. With the consent of that court, all such actions have been assigned to the Honorable Anne C. Conway.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Middle District of Florida and assigned to Judge Conway.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Middle District of Florida for the reasons stated in the order of July 6, 2006, and, with the consent of that court, assigned to the Honorable Anne C. Conway.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Middle District of Florida. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

DEC 27

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: _____
Deputy Clerk

Case 6:06-md-01769-ACC-DAB Document 786 Filed 12/31/2007 Page 1 of 2
Case 2:07-cv-02437-LEW-KJM Document 6 Filed 01/31/2008 Page 2 of 3

Page 1 of 2

IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION    MDL No. 1769

## SCHEDULE CTO-47 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

CALIFORNIA EASTERN
  CAE 2  07-2437          Brenda G. Hill v. AstraZeneca Pharmaceuticals, LP, et al.

FLORIDA SOUTHERN
  FLS 9  07-81122         Carolyn Rice v. AstraZeneca Pharmaceuticals, LP, et al.

LOUISIANA EASTERN
  LAE 2  07-8521          Priscilla L. Cook v. AstraZeneca Pharmaceuticals, LP, et al.
  LAE 2  07-8522          Sheila Varnado v. AstraZeneca Pharmaceuticals, LP, et al.
  LAE 2  07-8523          Walterine Sandifer v. AstraZeneca Pharmaceuticals, LP, et al.
  LAE 2  07-8524          Florastine Longs v. AstraZeneca Pharmaceuticals, LP, et al.
  LAE 2  07-8525          Ralph M. Fleming v. AstraZeneca Pharmaceuticals, LP, et al.

LOUISIANA MIDDLE
  LAM 3  07-857           Bruce D. Jackson v. AstraZeneca Pharmaceuticals, LP, et al.
  LAM 3  07-861           Troy H. Thomas v. AstraZeneca Pharmaceuticals, LP, et al.

OHIO NORTHERN
  OHN 1  07-3593          Ronald Vess v. AstraZeneca Pharmaceuticals, LP, et al.
  OHN 5  07-3568          Jeffrey Wood v. AstraZeneca Pharmaceuticals, LP

PENNSYLVANIA EASTERN
  PAE 2  07-4801          Stacie Little v. AstraZeneca Pharmaceuticals, LP, et al.

TENNESSEE MIDDLE
  TNM 1  07-80            Irene J. Murphy v. AstraZeneca Pharmaceuticals, LP, et al.
  TNM 3  07-1126          Brenda Tuberville v. AstraZeneca Pharmaceuticals, LP, et al.
  TNM 3  07-1127          Laurie Hickerson v. AstraZeneca Pharmaceuticals, LP, et al.
  TNM 3  07-1128          Teresa Brooks v. AstraZeneca Pharmaceuticals, LP, et al.
  TNM 3  07-1129          Kenneth S. Hale v. AstraZeneca Pharmaceuticals, LP, et al.

TENNESSEE WESTERN
  TNW 1  07-1202          Jacqueline Henning v. AstraZeneca Pharmaceuticals, LP, et al.
  TNW 2  07-2736          Roger Rhodes v. AstraZeneca Pharmaceuticals, LP, et al.
  TNW 2  07-2737          Tami L. Rucker v. AstraZeneca Pharmaceuticals, LP, et al.
  TNW 2  07-2738          Marilyn Johnson v. AstraZeneca Pharmaceuticals, LP, et al.
  TNW 2  07-2741          Sherry L. Davis v. AstraZeneca Pharmaceuticals, LP, et al.
  TNW 2  07-2743          Willena Boyce v. AstraZeneca Pharmaceuticals, LP, et al.
  TNW 2  07-2744          Martha H. Strowder v. AstraZeneca Pharmaceuticals, LP, et al.
  TNW 2  07-2747          Jacquelyn E. Grissom v. AstraZeneca Pharmaceuticals, LP, et al.
  TNW 2  07-2748          Keith R. Bell v. AstraZeneca Pharmaceuticals, LP, et al.

Case 6:06-md-01769-ACC-DAB Document 783 Filed 12/21/2007 Page 4 of 5
Case 2:07-cv-02437-LEW-KJM Document 36 Filed 01/22/08 Page 3 of 3

Page 2 of 2

**MDL No. 1769 - Schedule CTO-47 Tag-Along Actions (Continued)**

### DIST. DIV. C.A.#　　　　CASE CAPTION

**TEXAS NORTHERN**
TXN 3 07-1900　　Steven E. Kirshner v. AstraZeneca Pharmaceuticals, LP, et al.

**TEXAS SOUTHERN**
TXS 4 07-3924　　Trenesia Dogan, etc. v. AstraZeneca Pharmaceuticals, LP, et al.
TXS 4 07-3925　　Diane J. Williams v. AstraZeneca Pharmaceuticals, LP, et al.
TXS 4 07-3926　　Zachary B. Risher v. AstraZeneca Pharmaceuticals, LP, et al.

RULE 1.6:   TRANSFER OF FILES

(a)   Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and certified copy of the docket sheet for each transferred action.

(b)   If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. § 1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. § 1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)   If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)   Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and sent to the clerk of the transferor district court the following:
- (i) a certified copy of the individual docket sheet for each action being remanded;
- (ii) a certified copy of the master docket sheet, if applicable;
- (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
- (iv) a certified copy of the final pretrial order, if applicable; and
- (v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have ben stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)   The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.